Joseph P. Bond et al., complainants-respondents,

*v.*

Herman Lowenstein, defendant-appellant.

[Submitted May 27th, 1932. Decided October 17th, 1932.]

On appeal from an order of the court of chancery advised by Vice-Chancellor Fallon, who filed the following opinion:

"The matter *sub judice* was heard and orally determined on a motion day. I have been informed that defendant has appealed from the order entered, and it is because thereof, and to inform the appellate court of the reasons for my determination, that I now file this memorandum. On September 11th, 1930, complainants contracted to sell and convey to the defendant two parcels of land situate in Hasbrouck Heights, Bergen county, New Jersey, by deed of warranty free from all encumbrances. The time fixed by the contract for the closing of the transaction was October 15th, 1930. The consideration agreed upon was $4,600. $50 was paid as a deposit upon the signing of the contract, and defendant's promissory note for $150 payable on October 15th, 1930, was given also. $4,550 was to be paid at the closing of the transaction at the office of defendant's attorneys—$150 in satisfaction of the promissory note and $4,400 in cash. The closing was extended from time to time at defendant's request.

On December 30th, 1930, complainants caused a notice in writing to be served upon the defendant, designating January 6th, 1931, at four P. M., and the office of defendant's attorneys (as designated in the contract) as the time and place for closing (see copy of notice attached to and made part of bill of complaint). On January 6th, 1931, complainants and their attorney attended at the designated time and place. The defendant was not present. Defendant's attorneys inquired of complainants' attorney whether complainants had paid and satisfied of record the $2,500 Cropper mortgage which stood as a lien against the property which was the subject-matter of the contract. Complainants' attorney stated said mortgage had not been paid but that the mortgagee was then and there prepared to receive her mortgage money from the consideration to be paid by defendant to complainants and would thereupon give a satisfaction of her mortgage, complainants having arranged for a representative of said mortgagee to attend at the office of defendant's attorneys to receive payment of the mortgage moneys and to deliver up, properly endorsed for cancellation of record, the mortgage mentioned. The attorneys of the defendant were not content therewith; they refused to accept tender made in complainants' behalf of a duly executed deed for the property to be conveyed by complainants to defendant. The attorneys of the defendant (the defendant not being present) did not tender to the complainants the purchase money required to be paid. It was made clearly manifest to me the defendant would not make payment thereof and would not complete his contract. A suit at law was subsequently instituted in defendant's behalf against the complainants to recover the deposit money of $50 paid to complainants and expenses alleged to have been incurred by defendant in the examination of title. Complainants thereupon filed the bill herein to require defendant to specifically perform his contract with them, and as auxiliary thereto prayed that the defendant be restrained in his action at law. Such restraint was granted. Defendant's solicitors manifested in argument before the court in the matter *sub judice* that the sole reason for the non-

consummation of the contract between complainants and defendant was that the aforesaid $2,500 Cropper mortgage then a lien on the property constituted a breach of the covenant of the contract relating to encumbrances, and that the defendant was not obliged to accept a deed for the property until the complainants had actually paid said mortgage and caused same to be canceled of record prior to the delivery of the deed. The defendant's answer discloses that he sought to recover from the complainants the amount paid on deposit at the time of the signing of the contract, a cancellation of the aforesaid promissory note of $150, and a search fee incurred in the examination of title. I was impressed that there was no meritorious defense set forth in defendant's answer and no cause for equitable relief in defendant's counter-claim. If the Cropper mortgage was paid and satisfaction thereof given at the closing of the contract, such was sufficient. Whether the payment of said mortgage was made by complainants from their personal funds or from the consideration moneys paid to them by defendant was of no concern to the defendant. It appears to me unnecessary to cite other than the case of *Kadow* v. *Cronin, 97 N. J. Law 301.* I was convinced by the argument presented by counsel for defendant that defendant had soured on the contract, was not desirous of consummating the transaction, and resorted to what I regard to be the untenable reason assigned for the non-consummation thereof, that is, the non-satisfaction of the Cropper mortgage prior to the time set by complainants for the closing of the transaction, as a ruse to evade his contractual obligation. Furthermore, if defendant was really desirous of being assured of the satisfaction of the Cropper mortgage, he might readily (if he were in attendance at the time set for closing the contract) have withheld from the purchase price he was required to pay the amount necessary to effectuate a discharge of said mortgage. I conclude that the defendant's answer did not set up a meritorious defense to the allegations of complainant's bill, and that defendant's counter-claim did not set up any substantial cause for equitable relief."

*Messrs. Bauer & Ranker,* for the appellant.

*Mr. David Schneiderman,* for the respondents.

PER CURIAM.

The order appealed from will be affirmed, for the reasons expressed in the opinion of Vice-Chancellor Fallon.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ. 13.

*For reversal*—None.